**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 1:21-CR-121-RP |
| | § | |
| MANUEL LEEBORIO GONZALEZ | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:  THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court is the Petition for Warrant or Summons for Offender Under Supervision, filed February 26, 2024 ("Petition") (Dkt. 35). This Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.  Procedural Background

On November 19, 2021, Defendant Manuel Leeborio Gonzalez was sentenced to 37 months imprisonment, followed by a three-year term of supervised release, for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Dkt. 35. Mr. Gonzalez's supervision commenced January 12, 2024.

The Petition alleges that Mr. Gonzalez violated four of his conditions of release:

- **Mandatory Condition No. 2:** "The defendant shall not unlawfully possess a controlled substance."

- **Mandatory Conditions No. 3:** "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be

> ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant."

Mr. Gonzalez submitted urine specimens that returned positive for amphetamines on January 31, February 7, and February 16, 2024.

- **Standard Condition No. 2:** "After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed." Mr. Gonzalez failed to report to the probation office as instructed on February 15 and February 20, 2024, and did not respond to his probation officer's calls and text messages.

- **Standard Condition No. 5:** "The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change." Mr. Gonzalez left his approved residence on February 19, 2024, and has not returned.

*Id.*

Defendant waived a preliminary hearing. On May 1, 2024, pursuant to Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3583, this Magistrate Judge conducted a final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. Defendant consented to proceed before a United States Magistrate Judge and pled "True" to all violations alleged in the Petition.

## II.  Findings of the Court

1. Defendant violated the conditions of his supervised release by his conduct as alleged in the Petition.
2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.
3. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.
4. Defendant had both a factual and rational understanding of the proceedings against him.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

9. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. Defendant waived a reading of the charges against Defendant by the Government.

11. Defendant freely, intelligently, and voluntarily pled "True" to the violations of the conditions of his supervised release alleged in the Petition.

12. The Court finds that Defendant violated Standard Conditions No. 2, 3, 4, 5, 7, and 9 of his term of supervised release, as alleged in the Petition, and that there is a factual basis in support of those findings.

Based on Mr. Gonzalez's plea of "True" to the violation of Mandatory Conditions Nos. 2 and 3 and Standard Conditions Nos. 2 and 5, the Court finds that he violated these four conditions of his release as alleged by submitting three urine specimens that returned positive results for amphetamines, failing to report to the probation office as instructed, and not living at a place approved by the probation officer.

### III.   Factors Considered

The Court has considered the factors set out in Title 18, United States Code § 3583(e), which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), that is:[1]

a. the nature and circumstances of the offense, § 3553(a)(1);

b. the history and characteristics of Defendant, (a)(1);

c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);

d. the need to protect the public, (a)(2)(C);

---

[1] The Court did not consider the factors in § 3553(a)(2)(A): the seriousness of the offense, respect for the law, and just punishment.

3

e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and

h. the need to provide restitution to any victims of the offense, (a)(7).

### IV.   Recommendations

The Government and Defendant agree, and the Probation Office recommends, that Mr. Gonzalez continue on supervision and his conditions of supervision be modified to include inpatient substance abuse treatment. This Magistrate Judge has carefully considered Mr. Gonzalez's statements at the hearing and has taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The Court also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade B and his criminal history category is IV, resulting in an (advisory) guideline range of 12 to 18 months of imprisonment.

The Court **RECOMMENDS** that the Petition for Warrant or Summons for Offender Under Supervision (Dkt. 35) be **DENIED**, Mr. Gonzalez's term of supervised release be **CONTINUED**, and his conditions of supervised release be **MODIFIED** to add the following special condition of supervision:

> **The defendant shall participate in, and successfully complete, an inpatient substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants.**

All other conditions of supervision shall remain in effect.

The Court further **RECOMMENDS** that the District Court **ORDER** that Mr. Gonzalez shall remain in the custody of the U.S. Marshals Service pending acceptance and transfer to the inpatient treatment program identified by the Probation Department.

## V.  Warnings

Having been orally advised of these Findings and Recommendations, the parties have waived their right pursuant to 28 U.S.C. § 636(b)(1)(C) to object to this Report and Recommendation within 14 days. The matter is ripe for the District Court to act on it immediately.

**SIGNED** on May 1, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE